**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRADLEY C. PETERSON, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-0865 (RBK) |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER HOLMES, et al., | : | OPINION |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Bradley C. Peterson, *Pro Se*
65655
P.O. Box 8200
Cranston, RI 02920

**KUGLER, District Judge**

On November 7, 2012, this Court filed an Opinion and Order dismissing Plaintiff's complaint, without prejudice. (ECF Nos. 3, 4). Plaintiff was given the opportunity to file a motion to reopen and an amended complaint. On December 11, 2012, Plaintiff filed a motion to reopen his case (ECF No. 8) to address deficiencies as stated in this Court's November 7, 2012 Opinion. Plaintiff's motion to reopen included a document that this Court construed as an amended complaint (ECF Nos. 8, 21).

Plaintiff has since filed three motions that remain pending: two motions for summary judgment, and a motion for default judgment.

This Court must now screen the submission construed as an amended complaint to determine if Plaintiff's claims should be dismissed, pursuant to 28 U.S.C. § 1915. For the following reasons, the Court will dismiss the amended complaint. Accordingly, the pending motions will be dismissed as moot.

## BACKGROUND

In Plaintiff's original complaint, he pled the following facts, as set forth by this Court's Opinion dismissing his original complaint:

> Plaintiff seeks to sue various employees of the South Woods State Prison, including Administrator Christopher Holmes, Assistant Administrator Judith Gentile, Inmate Remedy Coordinator Valerie Farrow, Education Department Supervisor Rosellen Muniah, Supervisor of the Medical Department Lynn Kwap, Inmate Property Inspector John Doe, Business Office Manager Charlotte Chance, and Lieutenant Davidson. (Complt., ¶ 4). He seeks monetary and other relief "for blatant destruction of property, withholding of property, denial of access to the courts, due process of complaint forms, non-scheduling of routine reviews, lack of medical treatment, degradation of strip searches, etc." (Complt. ¶ 7).
>
> In his Statement of Claims, (Complt., ¶ 6), Plaintiff states that:
>
> • Upon arrival at South Woods State Prison on July 19, 2011, Plaintiff's property (a radio) was withheld until July 25, 2011. When he received his

    radio, it was inoperable. Plaintiff surmises that John Doe defendant tampered with the radio.
- Defendant Holmes denied Plaintiff's request for compensation or replacement of the radio, and denied Plaintiff his television without valid reason.
- Three to six times a week he was strip searched with "psychological degradation."
- The Legal Department refused to allow Plaintiff to make legal calls on a weekly basis. Plaintiff was denied access to the inmate paralegal assistance program, as well as access to law books.
- Plaintiff's inmate remedy forms were either delayed or not processed from October to December of 2011.
- Plaintiff did not receive adequate medical treatment, and are "running a fraudulent medical co-pay scam." Plaintiff states that "Complaints regarding ongoing pain are ignored until more serious signs of ailments are present." Plaintiff states that he prefers an early diagnosis to treat medical diseases, and that his health is jeopardized.
- Plaintiff's inmate account statements have been withheld.
- Plaintiff states that Lt. Davidson denied him property on January 22, 2011 for three days in an attempt "to provoke and incite anger" causing him emotional distress and sleep deprivation.

(Complt., ¶ 6).

    On June 15, 2012, Plaintiff filed a letter detailing his medical issues more fully (docket entry 2) and seeking to add William Briglia, D.O. at South Woods State Prison, as a defendant. Plaintiff states that he has made complaints about pain, and the doctor is ignoring the seriousness of his claims, although the facility deducts a co-payment from his account. Plaintiff claims that his medication has been discontinued, and he has been given a "placebo" that is ineffective. (Letter, p. 2). He contends that he has records demonstrating that he is at risk for chronic kidney disease, increased risk for diabetes,

3

> and high cholesterol. He argues that Dr. Briglia is
> ignoring his health issues, and claiming Plaintiff
> "has nothing to worry about." (Letter, p. 3).

(Opinion, ECF No. 3 at pp. 2-3).

This Court dismissed the claims, finding that Plaintiff did not plead an Eighth Amendment medical care claim, as he did not plead deliberate indifference, but rather dissatisfaction with treatment; Plaintiff's property claim did not violate the Constitution as there was a post-deprivation remedy available to Plaintiff; Plaintiff's legal claim did not demonstrate a violation of the Constitution, as Plaintiff had not shown "actual injury" and because even the right to make legal calls is not unlimited; Plaintiff's complaint about grievances did not violate either the First Amendment or the Due Process Clause; and finally, that Plaintiff's strip search claim did not implicate the Fourth Amendment as pled. (Opinion, ECF No. 3).

In his submission intending to cure these deficiencies, Plaintiff agrees with this Court's Opinion concerning legal calls and grievances. Concerning his medical care claim, Plaintiff again seeks to add Dr. Briglia as a defendant, and asks this Court to order him to be sent to an outside medical facility for treatment, as the doctors at the prison failed to come up with a diagnosis to the source of his pain. However, he has been prescribed pain medications.

As to the property claims, Plaintiff continues to argue that his property is being unlawfully withheld. He asks for transfer, so that he can possess all of his property. This Court notes that Plaintiff has since been transferred to Rhode Island.

Finally, as to his strip search claims, Plaintiff argues that, in fact, his strip searches do violate the Constitution because he is strip searched "outside of [his] cell in view of the entire unit of inmates." (Am. Complt., ECF No. 8 at p. 3).

## DISCUSSION

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §

1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## 3. Plaintiff's Amended Complaint Fails to State a Claim.

For the reasons set forth in this Court's Opinion filed on November 7, 2012, Plaintiff's submission construed as an amended complaint does not cure the deficiencies of his original complaint, in order to allow the case to proceed.

As noted, Plaintiff has not pled an Eighth Amendment violation as to his medical claim. He does not sufficiently

plead under the mandates of *Iqbal* that he suffers from a serious medical need; rather, he continues to cite "pain." Further, he has been seen by doctors for this pain and prescribed painkillers. His allegations that the defendants refuse to provide him with treatment are now moot, as Plaintiff has been transferred to a new facility, and these defendants no longer control his medical treatment. As such, this Court will not allow this claim to proceed.

Plaintiff's property claim, likewise, will not proceed past *sua sponte* screening based on facts provided in the construed amended complaint. As noted in this Court's prior Opinion, it is well-established that "an unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." (Opinion, ECF No. 3 at p. 10)(citations omitted).

Finally, as to Plaintiff's strip search claim, Plaintiff attempts to correct the deficiency in his original complaint by noting that the strip searches took place in view of other inmates, for purposes of humiliation and psychological degradation (Am. Complt., ECF No. 8 at p. 3). However, courts have held that strip searches of prisoners in the presence of

other inmates and staff is not constitutionally defective, especially in light of legitimate security concerns. *See Baker v. Reitz*, 2012 WL 6055591 at *3 (M.D. Pa. Dec. 6, 2012)(dismissing complaint for failure to state a claim under § 1915 where Plaintiff did not allege that search "was conducted for an illegitimate or unjustified purpose" and citing *Elliot v. Lynn*, 38 F.3d 188 (5th Cir. 1994), *cert. denied*, 514 U.S. 1117 (1995) (visual body cavity search conducted in presence of other inmates and correctional officers reasonable in context of legitimate security concerns); *Franklin v. Lockhart*, 883 F.2d 654 (8th Cir. 1989) (legitimate security concerns justified conducting strip searches in view of other inmates); *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988) (strip searches conducted in hallway reasonable in light of legitimate security and safety considerations)).

Plaintiff's construed amended complaint asserts vague legal conclusions that the strip searches conducted against him were unfair treatment for which there was "no valid reason." Since strip searches are not unconstitutional, *per se*, even without probable cause (if conducted in a reasonable manner), *see, e.g., Bell v. Wolfish*, 441 U.S. 520 (1979), and because Plaintiff has not plead that the searches were conducted unreasonably as to him because searches conducted in view of others are not

necessarily unreasonable, *see supra*, Plaintiff's claim will not proceed.

## CONCLUSION

For the foregoing reasons and for the reasons discussed in this Court's Opinion filed November 7, 2012, Plaintiff's amended complaint must be dismissed for failure to state a claim upon which relief may be granted. As such, Plaintiff's pending motions for summary judgment and default (ECF Nos. 23, 24, 29) will be dismissed as moot.

An appropriate Order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated:  June 30, 2014